IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

TYSON M. BROWN,

        Defendant.

No. 1:13-cr-327-PA

**ORDER**

**PANNER, District Judge:**

    Defendant Tyson M. Brown moves to suppress evidence and statements. Defendant also moves for return of property. I deny the motions.

**DISCUSSION**

**I. Motion to Suppress Evidence Seized from Warrantless Search**

    **A. Defendant's Arrest**

    In early May 2013, defendant rented a Ford Fusion from a Thrifty Car Rental office in Portland, using a credit card. The

1 - ORDER

car was to be returned May 6, 2013. The car was not returned. Thrifty continued to charge defendant's credit card until May 23, 2013, and then reported the car had been stolen.

On June 6, 2013, shortly before 2 a.m., Brookings police officer Terry Murray noticed the rental car going north on Highway 101. When Murray checked on the license plate number, he learned the car had been reported stolen.

Defendant argues Murray pulled over the car because defendant is African-American. Murray testified that there was dense fog that night and he could see only the silhouette of the car's driver. I find that defendant's race had no role in Murray's decision to stop or search the car.

Murray called other officers to assist him and pulled over the car. After ordering defendant and his two passengers out of the car, the officers searched the car.

In the car, officers found a handgun with two loaded magazines. The handgun is the basis for the felon-in-possession charge against defendant. The officers also found more than $2,000 in cash and a copy of the rental agreement between defendant and Thrifty.

**II. Discussion**

The government has the burden of showing that "a warrantless search or seizure falls within an exception to the warrant requirement." United States v. Scott, 705 F.3d 410, 416 (9th

2 - ORDER

Cir. 2012).

### A. Defendant Lacks Standing to Object to the Search

Defendant lacks standing to object to the search of the rental car. Defendant has the burden of proof to show that he had a reasonable expectation of privacy in the rental car. United States v. Caymen, 404 F.3d 1196, 1199 (9th Cir. 2005).

"Only the vehicle's owner or an individual with a legitimate privacy interest in the vehicle may challenge the search." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) (defense attorney was not ineffective for failing to object to search of stolen vehicle). "The Fourth Amendment does not protect a defendant from a warrantless search of property that he stole, because regardless of whether he expects to maintain privacy in the contents of the stolen property, such an expectation is not one that 'society is prepared to accept as reasonable.'" Caymen, 404 F.3d at 1200 (footnotes omitted) (noting other circuits "have held that a person who steals a car does not have a reasonable expectation of privacy that entitles him to suppress what is found in a search of the stolen car").

Here, defendant has not shown a legitimate expectation of privacy in the rental car. Defendant kept the car several weeks after the return date without obtaining an extension of the rental agreement. Defendant lacks standing to object to the search.

3 - ORDER

B.  **Vehicle and Inventory Exceptions to Warrant Requirement**

Even if defendant has standing to object to the search, the government has shown the search is valid under the vehicle exception to the warrant requirement, and as an inventory search pursuant to police department guidelines.

Under the vehicle exception, "'police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime.'" United States v. Scott, 705 F.3d 410, 417 (9th Cir. 2012) (quoting United States v. Brooks, 610 F.3d 1186, 1193 (9th Cir. 2010)). The vehicle exception applies here because the arresting officers had probable cause to believe the car was stolen. The officers could search the car for evidence of the crime.

The search was also reasonable as an inventory search. See Colorado v. Bertine, 479 U.S. 367, 371 (1987). The officers conducted the search and seizure under police department guidelines for impounding property.

II. **Motion to Suppress Statements**

Curry County indicted defendant on gun and drug charges. The state court appointed an attorney to represent defendant.

On July 11, 2013, defendant was indicted on the current federal charge of being a felon in possession of a firearm. On July 16, 2013, Curry County dismissed the state charges against defendant.

On July 18, 2013, two agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (BATF&E), Caleb Enk and Kenneth Cooper, transported defendant from the Curry County jail to Medford for defendant's first appearance on the federal charge. Enk gave defendant <u>Miranda</u> warnings. Defendant then had an extended conversation with Enk and Cooper during the drive.

Defendant now claims that he had difficulty understanding his rights. I find that defendant is intelligent, competent, and capable of understanding <u>Miranda</u> rights.

**II. Discussion**

The government has a heavy burden of proving by a preponderance of the evidence that a suspect knowingly and voluntarily waived his <u>Miranda</u> rights. <u>United States v. Rodriguez</u>, 518 F.3d 1072, 1080 (9th Cir. 2008).

    **A.  Sixth Amendment Right to Counsel**

Defendant argues that his statements during the drive to Medford should be suppressed because state and federal authorities improperly colluded to interrogate him after dismissal of the state charges and before his Sixth Amendment right to counsel had attached on the federal charge.

The Sixth Amendment right to counsel is "offense specific." When a defendant is arraigned on a charge, the Sixth Amendment right to counsel attaches to that charge, but the right does not attach to a different charge for which the defendant has not yet

5 - ORDER

been arraigned. <u>Hendricks v. Vasquez</u>, 974 F.2d 1099, 1104 (9th Cir. 1992). But an interrogation could violate a defendant's Sixth Amendment rights if "federal and state authorities worked together in shuffling [the defendant's] charge from the state to the federal system" to circumvent a defendant's Sixth Amendment right to counsel. <u>United States v. Martinez</u>, 972 F.2d 1100, 1105 (9th Cir. 1992). In determining whether improper collusion occurred, the court must examine "the extent of coordination between the state and federal authorities." <u>Id.</u>

Here, I reviewed in camera the email correspondence between Brookings police officers, BATF&E agents, and the assistant U.S. Attorney. I heard testimony from the BATF&E agents about the decision to bring the federal charge. I find no evidence that state and federal authorities improperly conspired to deprive defendant of his Sixth Amendment right to counsel. Because there was no improper collusion between state and federal authorities, the interrogation did not violate defendant's Sixth Amendment right to counsel.

### B. Fifth Amendment Right to Counsel

Defendant also argues that his statements should be suppressed because the interrogation violated his Fifth Amendment right against self-incrimination. Statements made in response to custodial interrogation are admissible if the government shows by a preponderance of the evidence that the defendant validly waived

6 - ORDER

his Miranda rights.  See Terrovona v. Kincheloe, 912 F.2d 1176, 1180 (9th Cir. 1990).  The waiver must be voluntary, the product of a free and deliberate choice, not government intimidation, coercion, or deception.  Colorado v. Spring, 479 U.S. 564, 573 (1987).  Only if the totality of the circumstances shows an uncoerced choice and sufficient comprehension may a court properly conclude that a defendant waived Miranda rights.  Id.

Here, defendant was given Miranda warnings and chose to talk with the agents.  Defendant is competent and intelligent, and there is no evidence that his will was overborne.  The agents made no improper promises to defendant.

Because the interrogation did not violate defendant's Fifth or Sixth Amendment rights, I deny the motion to suppress his statements.

## III. DNA Sampling

While defendant was in federal custody, BATF&E agent Enk executed a search warrant to obtain a DNA sample from defendant, using an oral swab.  Defendant asked to speak to his attorney, and Enk told him there was no right to counsel on this issue.

Defendant moves to suppress statements he made during the DNA sampling.  The conversation between defendant and Enk was limited to defendant's request to consult with his attorney before giving a DNA sample.  I deny the motion to suppress as moot.

IV. Motion for Return of Property

   A. Background

Defendant seeks the return of $2,392 in cash seized from the trunk of the rental car. Defendant argues that the cash is not related to the criminal charge against him, but is from an insurance settlement he received after being injured in a car accident.

   B. Legal Standards

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"Property seized for the purposes of a trial that is neither contraband nor subject to forfeiture should ordinarily be returned to the defendant once trial has concluded." United States v. Kaczynski, 416 F.3d 971, 974 (9th Cir. 2005).

   C. Discussion

The search of the car was lawful, so defendant is not entitled to the cash at this time. The government may retain the cash as evidence for trial. I make no finding on whether the cash is contraband.

## CONCLUSION

Defendant's motions to suppress evidence (#23), statements (#24, #45), and for return of property (#15) are denied.

IT IS SO ORDERED.

DATED this **30** day of *April*, 2014.

*/s/ Owen M. Panner/*

OWEN M. PANNER
U.S. DISTRICT JUDGE

9 - ORDER